**STATE of Iowa, Plaintiff–Appellee,**

v.

**James D. SIMPSON,
Defendant–Appellant.**

No. 87–502.

Court of Appeals of Iowa.

Jan. 26, 1989.

Duane E. Hoffmeyer, of Vakulskas & Hoffmeyer, Sioux City, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Richard J. Bennett, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Defendant, James D. Simpson, appeals his conviction of burglary in violation of Iowa Code sections 713.1 and 713.5. Defendant claims the trial court erred in: (1) overruling his objection to submission of burglary in the second degree jury instructions; (2) allowing the State to use codefendant's out-of-court statements against him; and (3) overruling his objection to the State's use of suppressed evidence. Our review is for the correction of errors at law. We affirm.

Defendant was convicted of burglary in the second degree in violation of Iowa Code sections 713.1 and 713.5 for his involvement in the shooting of Jeffrey Jones. Simpson was a friend of Steven Frasier and Simon Tunstall. Frasier and Jones were both pimps and had known each other for many years. Christine Buddi was a prostitute for Jones and Kaylene Hopkins was a prostitute for Frasier. On August 31, 1986, Frasier, Buddi, and Hopkins went to a hotel where they used cocaine and had sex. That afternoon Buddi returned to the apartment she shared with Jones. Simpson

was staying at Fraiser's house. Tunstall offered to give Simpson a ride to his cousin's and Frasier also came to do some errands. On the way they stopped at a motel, but Simpson did not get out of the car. They then went to check on Buddi. There Frasier, Tunstall, and Jones became involved in an altercation and Jones received fatal gunshot wounds. Simpson had again stayed in the car, but ran up to the apartment when he heard the shots and then ran out again. Frasier, Tunstall, and Simpson were charged and tried together.

## I.

■ Simpson had been charged with murder in the first degree and burglary in the first degree. The court gave the jury instructions for burglary in the second degree as a lesser included offense and Simpson was convicted of the lesser charge. Simpson claims there was no factual basis for instructing the jury on the lesser offense because there was no evidence connecting him with the assault. He asserts he was guilty of burglary in the first degree and/or felony murder, or he was not guilty. Defendant complains of the court's submission to the jury of a second-degree burglary instruction. Defendant concedes that under the legal test second-degree burglary is a lesser included offense of first-degree burglary. Defendant contests this issue on the grounds of the factual test. However, when the legal test is met the factual test is met as a matter of law. *State v. Jeffries*, 430 N.W. 2d 728 (Iowa 1988). As there remains no dispute as to whether second-degree burglary is a lesser included offense of first-degree burglary, we fail to find error in the court's instruction.

## II.

Defendant's second claim is the trial court erred in allowing the State to use codefendant's out-of-court statements against him. Each defendant had given an out-of-court video statement. Simpson also gave a written statement. The State in introducing the statements asserted and the trial court instructed the jury the state-

ments would be admissible only against the defendant making the statement.

During cross-examination of defendant Frasier, the prosecutor was allowed to ask him, over objection, if defendant Tunstall had lied in his videotaped statement when he said Frasier "had the gun out" before he entered the apartment, if defendant Tunstall had lied when he stated Frasier had kicked the front door in, and if defendant Simpson had lied when he told the officer he was not at the victim's apartment when the shooting occurred. Defendant Frasier testified to the contrary of his earlier statement and in response to questions put to him, testified the other defendant's statements were not true. The trial court gave a limiting instruction on six separate occasions.

Defendant argues the limiting instruction given to the jury was not effective because the court's allowance of these three questions during the cross-examination of Frasier had undercut the jury instructions. Thus, the defendant concludes the jury did not follow the instructions.

■ Generally, a jury is presumed to follow its instructions. *State v. Frank*, 298 N.W.2d 324, 327 (Iowa 1980). Cautionary instructions are usually sufficient to remove any danger of prejudice. *See State v. Williams*, 315 N.W.2d 45, 55–6 (Iowa 1982).

■ The defendant's claim of error is on the basis of hearsay. However, each defendant subsequently took the stand and was subjected to cross-examination by defendant. When this occurred, any error was cured. *See Nelson v. O'Neil*, 402 U.S. 622, 626, 91 S.Ct. 1723, 1726, 29 L.Ed.2d 222, 227 (1971). Further, we find even if the error in admissibility were not cured by the opportunity to cross-examine, the trial court's limiting instructions removed any danger of prejudice.

## III.

Defendant's third claim is the trial court erred in overruling his objection to the State's use of suppressed evidence. Simpson also gave a written statement as part of a proposed plea agreement. His plea was not accepted by the district court

and the court ordered the statement was inadmissible for any purpose. The prosecutor asked Simpson a number of questions based on the statement during cross-examination. The State claims this did not deprive the defendant of a fair trial.

A party has a reasonable latitude in cross-examination and the extent of this freedom is largely within the trial court's discretion. *State v. Jackson*, 259 N.W.2d 796, 800 (Iowa 1977). Error will not be found absent an abuse of discretion causing substantial harm to the objecting party. *Id.*

■ Defendant has failed to show substantial harm resulted from this questioning. It is a matter of pure conjecture to determine the jury placed enough weight on these questions to amount to substantial harm to the defendant. Further, the jury was instructed they were not to consider as evidence any statements made by counsel and they were not to speculate that any insinuation suggested by a question is true. A jury is presumed to follow its instructions. *State v. Frank*, 298 N.W.2d 324, 327 (Iowa 1980). Cautionary instructions are usually sufficient to remove any danger of prejudice. *See State v. Williams*, 315 N.W.2d 45, 55–6 (Iowa 1982); *State v. Conner*, 314 N.W.2d 427, 429 (Iowa 1982). We find no prejudicial error has occurred.

AFFIRMED.