**STATE of Iowa, Appellee,**

v.

**James D. SIMPSON, Appellant.**

No. 88–1231.

Supreme Court of Iowa.

Jan. 24, 1990.

Raymond E. Rogers, State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Mark A. Campbell, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Pursuant to a plea agreement, defendant, while under oath, told one version of the events surrounding the killing of Jeffrey Jones. The district court later rejected the plea agreement. At the murder trial, defendant, while under oath, told a different version of the same events.

Defendant subsequently was charged with and convicted of perjury, under Iowa Code section 720.2 (1987). The question here is whether defendant's first statement was properly used by the State as evidence against defendant at his trial for perjury. We think not and, therefore, reverse the perjury conviction and remand the case for a new trial.

I. *Background facts and proceedings.* In 1986, defendant James D. Simpson and his friends, Simon Tunstall and Steven Frasier, were charged as codefendants with first-degree murder and first-degree burglary in connection with the killing of Jeffrey Jones.

On November 26, 1986, Simpson, while represented by counsel, entered into a written plea agreement with the State in which he agreed to give a sworn statement concerning the investigation. Simpson also agreed to truthfully testify against his codefendants at trial. In exchange, the charges against him were to be amended to second-degree burglary.

Simpson gave a sworn oral statement, on the record and in the presence of his attorney. The district court later rejected the plea agreement, *see* Iowa R.Crim.P. 9(4), and ordered that the case against Simpson proceed to trial as originally charged. The court also ordered that the November 1986 statement not be used by the State at that trial.

During the joint trial of Simpson and his codefendants, Simpson testified in a manner inconsistent with the November 1986 statement. He was convicted of only one lesser offense, second-degree burglary, and acquitted on all other charges.[1]

---

1. Simpson's burglary conviction was affirmed by our court of appeals. *State v. Simpson,* 438 N.W.2d 20 (Iowa App.1989).

Based on alleged material inconsistencies between Simpson's November 1986 statement and his trial testimony, the State then brought the present charge of perjury under Iowa Code section 720.2. Simpson filed a pretrial motion to suppress evidence of the November 1986 statement. After an evidentiary hearing, the district court overruled the motion.

Simpson waived his right to trial by jury. He was convicted of perjury at a bench trial.

Simpson appeals, contending that the district court should have sustained his motion to suppress evidence of the November 1986 statement.

Our review is for correction of errors at law. Iowa R.App.P. 4.

■ II. *Preservation of error.* The adverse ruling on Simpson's pretrial motion to suppress evidence of the November 1986 statement preserves error on this point for review, even though the motion was not renewed nor was objection to the evidence made at the perjury trial. *See State v. Hilpipre,* 242 N.W.2d 306, 309 (Iowa 1976).

■ III. *The admissibility of Simpson's statement at his trial for perjury.* Simpson argues that evidence of the November 1986 statement should not have been admitted at his trial for perjury because the statement was made as part of a plea agreement ultimately rejected by the district court. Simpson asserts that under Iowa Rule of Criminal Procedure 9(5), evidence of the statement is not admissible against him for any purpose in any proceeding. The State argues that evidence of the statement is admissible against Simpson at his trial for perjury under an exception to Iowa Rule of Evidence 410, notwithstanding the broad language of Iowa Rule of Criminal Procedure 9(5).

The first sentence of Iowa Rule of Evidence 410 establishes a general rule of inadmissibility for evidence of statements made by a defendant in the course of ultimately unsuccessful plea discussions. This general rule, however, is expressly made subject to the rest of rule 410 and to Iowa

Rule of Criminal Procedure 9(5). Iowa Rule of Evidence 410 provides:

**Inadmissibility of pleas, plea discussions, and related statements.** *Except as otherwise provided in this rule or R.Cr.P. 9(5),* evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

(1) a plea of guilty which was later withdrawn;

(2) a plea of nolo contendere in a federal court or criminal proceeding in another state;

(3) any statement made in the course of any proceedings under rule 11 of the Federal Rules of Criminal Procedure, R.Cr.P. 9, or comparable procedure in other states regarding either of the foregoing pleas; or

(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

*However, such a statement is admissible (i)* in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or *(ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel.*

(Emphasis added.)

The State argues that because this case is a criminal proceeding for perjury, evidence of Simpson's November 1986 statement is fully admissible against him under the perjury exception to Iowa Rule of Evidence 410. *See* Iowa R.Evid. 410 (second unnumbered paragraph, subsection ii).

Simpson, on the other hand, relies on the plain language of Iowa Rule of Criminal Procedure 9(5). That rule provides:

*Inadmissibility of plea discussions.* If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment

822

on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible in any criminal or civil action or administrative proceeding.

Simpson points out that Iowa Rule of Evidence 410 is, by its own terms, made subject to Iowa Rule of Criminal Procedure 9(5). He argues that the broad language of rule 9(5) could not be more clear: evidence of an ultimately unsuccessful plea discussion is not admissible "in any criminal or civil action or administrative proceeding."

We are faced, therefore, with conflicting provisos to the general rule of inadmissibility of evidence of plea discussions as set forth in the first sentence of Iowa Rule of Evidence 410. One dictates that evidence of Simpson's November 1986 statement be admitted at his trial for perjury; the other dictates that the same evidence be excluded.

We think that the conflict must be resolved in favor of exclusion of evidence of Simpson's November 1986 statement.

Although the State submits that the specific perjury exception to Iowa Rule of Evidence 410 should be given effect over the blanket prohibition of Iowa Rule of Criminal Procedure 9(5), that approach would ignore the fact that rule of evidence 410 expressly states that it is subject to rule of criminal procedure 9(5).[2] There is no support for the State's assertion that the second unnumbered paragraph of rule of evidence 410 (including the perjury exception) is not subject to the operation of rule of criminal procedure 9(5).

■ Moreover, Iowa Rule of Criminal Procedure 20(1) explicitly recognizes that our rules of criminal procedure may con-

flict with our rules of evidence. Rule 20(1) provides that:

The rules of evidence prescribed in civil procedure shall apply to criminal proceedings as far as applicable *and not inconsistent with the provisions of statutes and these rules.*

Thus, rule 20(1) dictates that where the rules of criminal procedure and the rules of evidence conflict, the rules of criminal procedure are controlling. In this case, rule of criminal procedure 9(5) must be given effect over the second unnumbered paragraph of rule of evidence 410.

This result is consistent with the spirit of the law surrounding the plea bargaining process. Our distaste for perjury is great; nevertheless, when Simpson's plea agreement was rejected by the district court, the parties should have been returned to the positions they occupied prior to plea discussions. The State had no duty to keep the promises it made in the rejected plea agreement and, in fact, Simpson stood trial on all charges against him. Likewise, however, the State had no right to any benefit of the agreement. To hold otherwise would run counter to the design of Iowa Rule of Criminal Procedure 9(5), which is to "encourage plea discussions involving the defendant without concern about the peril of subsequently using these discussions against the defendant." *State v. Hovind,* 431 N.W.2d 366, 369 (Iowa 1988); *see also State v. Aschan,* 366 N.W.2d 912, 917 (Iowa 1985); *State v. Wenzel,* 306 N.W.2d 769, 771 (Iowa 1981).

We conclude that the district court erred in overruling Simpson's motion to suppress evidence of the November 1986 statement. We need not reach the other points raised by Simpson.

2. The reference to rule of criminal procedure 9(5) found in rule of evidence 410 was added to rule 410 by amendment in 1987. Supreme Court Report to the 72nd General Assembly, July 31, 1987, 1988 Iowa Acts at 756–7. We think that the amendment attempted to resolve the conflict between the rules by importing the broad prohibition of rule of criminal procedure 9(5) into rule of evidence 410, effectively negat-

ing the second unnumbered paragraph of rule of evidence 410. We note that in their present state, the Iowa rules exclude more evidence than their federal counterparts, because Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) are consistent in allowing statements like Simpson's to be used as evidence in a perjury prosecution.

The perjury conviction is reversed and the case is remanded for a new trial.

REVERSED AND REMANDED.