**STATE of Iowa, Appellee,**

v.

**Thomas Hershel GLAUS, Appellant.**

**No. 89-07.**

Court of Appeals of Iowa.

Feb. 22, 1990.

Jonathan Hammond, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Denver Dillard, Linn County Atty., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Thomas Hershel Glaus (Glaus) appeals a judgment and sentence entered by the trial court, following a jury trial, finding him guilty of delivery of a controlled substance. We affirm the decision of the district court.

Terry Klooster, a special agent of the Division of Criminal Investigation, went to the home of a private citizen to purchase heroin from other individuals in the Cedar Rapids area. Roxanne Wright, the private citizen involved in the operation, was herself a heroin addict and had been previously charged with delivery of a controlled substance. Wright was promised that in exchange for her plea of guilty and cooperation, no incarceration would be recommended as part of her sentence.

Wright arranged for Klooster to buy $600 worth of heroin at her apartment which she shared with Karl Werner. Klooster planned to arrive at the apartment before the seller's arrival and record the buy with a hidden microphone. However, upon his arrival Klooster saw that Werner and the defendant, Tom Glaus, had already arrived, ruining Klooster's plans to set up the microphone. Klooster decided to proceed with the buy as planned without the microphone.

Wright led Klooster into the kitchen area and went into the adjacent bedroom. Werner and Glaus followed into the bedroom. Several minutes later Wright returned with ten tinfoil packages of heroin, at which time Klooster gave Wright the money. Wright then returned to the bedroom.

Several minutes later Werner and Glaus exited the bedroom. Walking by Klooster, Glaus said he would talk if he had more time. No arrest was made since Klooster wanted to gather more information. Subsequent laboratory tests confirmed that the contents of the tinfoil packages was heroin.

Glaus and Werner were jointly charged with delivery of a controlled substance. Werner was subsequently called as a State's witness, Werner having agreed to testify against Glaus in exchange for a grant of immunity of prosecution. At trial, Werner testified that it was Glaus who bought and sold the heroin to Klooster. Glaus argued that there was no corroboration of Klooster's testimony other than that of Werner, who was an accomplice granted immunity from prosecution, and therefore no reliable independent evidence existed to connect him with the sale.

The jury ultimately found Glaus guilty as charged. Glaus made numerous posttrial motions which were denied by the trial court. The trial court sentenced Glaus to a prison term not to exceed twenty years. Glaus has appealed.

Glaus contends that he was denied effective assistance of counsel when defense counsel failed to request an accomplice instruction. Glaus believes that Werner's testimony was unreliable because he was an accomplice, and if counsel had requested an accomplice instruction, the jury would have been informed that an accomplice's testimony needs corroboration before it is sufficient to support a conviction. Glaus believes that Werner's testimony merely proves that he was in the room while events were taking place. Additionally, Glaus contends that defense counsel should have requested an instruction that Werner was an accomplice as a matter of law.

■ Since Glaus claims a violation of constitutional safeguards, our review is de novo. *See State v. Hildebrant,* 405 N.W.2d 839, 841 (Iowa 1987); *Hinkle v. State,* 290 N.W.2d 28, 31 (Iowa 1980). Ineffective assistance claims are generally reserved for postconviction hearings, but may be determined on direct appeal when the record adequately presents them. *Hildebrant,* 405 N.W.2d at 840; *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987); *State v. Nebinger,* 412 N.W.2d 180, 192 (Iowa App.1987). The failure to request certain jury instructions is a matter more suited to postconviction relief. *See State v. Slayton,* 417 N.W.2d 432, 436 (Iowa 1987). "At such a hearing trial counsel will have opportunity to explain its conduct and performance and the court will have a complete record." *Slayton,* 417 N.W.2d at 436.

■ We find the record in this case to be insufficient for this court to determine Glaus's claim. We also believe it is important to provide counsel their day in court, especially when their professional reputation is challenged. *See State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978). Glaus's trial counsel may well have had a good strategical reason for not requesting the instructions. The postconviction proceeding, where a full evidentiary hearing may be had, will provide trial counsel an opportunity to explain its conduct at trial.

■ Glaus also argues that the admitting into evidence of opinion testimony by Klooster that Glaus did not appear surprised to see him when he emerged from the bedroom was prejudicial. Glaus asserts the testimony relies on speculation of another's state of mind for its probative value.

It is within the trial court's discretion to determine the admissibility of the evidence. Evidence is admissible if it is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *State v. Wilson,* 406 N.W.2d 442, 447 (Iowa 1987). Our broad approach to the admissibility of opinion testimony by lay witnesses is reflected in Iowa Rule of Evidence 701 which requires only that it be "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." We will reverse a decision only if the trial court abused that discretion. *State v. Russell,* 261 N.W.2d 490, 495–96 (Iowa 1978).

Upon our review of the record we find no abuse of discretion in admitting agent Klooster's testimony over Glaus's objection. We believe opinion testimony:

> regarding the emotions displayed by another person is both necessary and valuable since it is practically impossible merely to describe, without the use of opinion or conclusions, another's appearance in a manner that will convey to a jury an accurate picture of the emotion manifested by that person at a given time.... Therefore, the existence or absence of the emotions of fear, anger, joy, excitement, nervousness, earnestness, anxiety, disgust, curiosity, surprise, embarrassment ... and other such emotions and the mental state of a person at a certain time may, by necessity, be proved by the opinions of nonexperts as deduced from the appearances and conduct observed by the witnesses.

31A Am.Jur.2d *Expert and Opinion Evidence* § 359, at 363 (1989). We hold Glaus has not shown an abuse of discretion by the district court. Agent Klooster's testimony described Glaus's state of emotion he exhibited upon seeing agent Klooster when exiting the bedroom where the transaction occurred. We find no error by the district court in admitting agent Klooster's opinion testimony.

■ Glaus also contends the district court erred in failing to submit his requested jury instruction. He asserts the jury should have been instructed that his mere presence in the room does not, without more, support a finding of unlawful possession.

The district court instructed the jury on the offense of delivery of a controlled substance and a lesser-included offense of possession of a controlled substance. The State asserts the district court erred in its instructions because possession of controlled substance is not an included offense of its delivery. *See State v. Grady*, 215 N.W.2d 213, 214 (Iowa 1974). In *Grady*, the Iowa Supreme court concluded that possession of a controlled substance is not a necessary legal element of delivery of a controlled substance. *Grady*, 215 N.W.2d at 214. Consequently, any error on the part of the district court in failing to submit an instruction to the jury regarding Glaus's mere presence being insufficient to support a finding of unlawful possession was error without prejudice. We find this contention without merit.

■ Finally Glaus argues that the prosecution misrepresented Werner's immunity in his closing argument to the jury to the extent that the jury was led to believe that Werner was free to exonerate Glaus on the stand if he wanted.

During closing argument, Glaus's defense counsel stated that Werner's immunity bath gave him "virtual carte blanche to make up any story he wanted." In rebuttal, the prosecution stated:

> I do want to point out something though, about this argument that Karl Werner took an immunity bath. He can come up here and he can say anything he wanted to and that's absolutely true. The immunity is something that the court grants to him after the State makes a motion that he be granted immunity, and he has it no matter what. If he takes the stand, he can say anything he wants to and [defense counsel] ... said he had carte blanche to make up any story, and if you don't think that he can't come up here and also say, "Hey, it was all a lie. I was—I made that up when I told my lawyer what happened, told the prosecutor. That was all a lie."

Following this statement, Glaus's defense counsel interrupted and approached the bench where discussion was held off the record between counsel and the court. Defense counsel did not voice an objection for the record or file a bill of exception to provide a record of the unrecorded proceedings pursuant to Iowa Rule of Criminal Procedure 23.1. The district court overruled Glaus's posttrial motion for a new trial due to misrepresentation of Werner's immunity by the prosecutor.

"A showing of prosecutorial misconduct alone will not warrant a new trial. Defendant must show he was so prejudiced by the misconduct he was denied a fair trial." *State v. Bishop*, 387 N.W.2d 554, 561 (Iowa 1986). Trial courts have considerable discretion to determine whether defendant has suffered such prejudice and we reverse only upon a showing that that discretion was abused. *State v. Chadwick*, 328 N.W.2d 913, 916 (Iowa 1983). The trial court is in the "better position to determine if prejudice resulted from the prosecutor's conduct because that court observed the alleged misconduct and the jury's reaction." *Bishop*, 387 N.W.2d at 561.

Upon our review of the record we do not find the prosecutor's statements to be unduly prejudicial. The district court submitted an instruction to the jury which stated:

> You have heard testimony from Karl Werner who received immunity: that is, a promise from the State that any testimony or other information he provided would not be used against him in a criminal case. You may give his testimony

such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

There is a general presumption that a jury follows its instructions. *State v. Frank,* 298 N.W.2d 324, 327 (Iowa 1980). "Cautionary instructions are usually sufficient to remove any danger of prejudice." *State v. Simpson,* 438 N.W.2d 20, 21 (Iowa App. 1989). We believe the cautionary instruction in this case removed any prejudice to Glaus. Consequently, we do not believe Glaus was denied a fair trial nor do we believe the district court abused its discretion. We affirm the decision of the district court in all respects.

AFFIRMED.