**IN THE COURT OF APPEALS OF IOWA**

No. 4-002 / 11-1958
Filed February 5, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HUBERT TODD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Dawn D. Newcomb (trial), Judicial Magistrate, and Jeffrey L. Harris (appeal), District Associate Judge.

        Hubert Todd appeals his convictions for domestic abuse assault and criminal mischief in the third degree. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Michelle Wagner, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Tabor and McDonald, JJ.  Bower, J., takes no part.

**VOGEL, P.J.**

Hubert Todd appeals his convictions for domestic abuse assault and criminal mischief in the third degree. Todd asserts sufficient evidence does not support either conviction. He further argues trial counsel was ineffective for failing to object to various testimony at trial and for failing to request a jury trial or, alternatively, advise Todd of his right to demand a jury trial. Todd also claims his due process rights were violated and that the district court did not have the authority to require him to attend batterer's education, and consequently, he was given an illegal sentence. Although his wife recanted much of her initial story, we conclude sufficient evidence supports Todd's convictions, he cannot establish counsel breached an essential duty with regard to two of his ineffective-assistance claims, we preserve the third for possible postconviction relief proceedings, and his due process rights were not violated. We further find requiring batterer's education was mandatory, and thus Todd's sentence was not illegal. Therefore, we affirm the district court.

**I. Factual and Procedural Background**

From the magistrate's notes, the following facts could be found. In early March 2010, Todd arrived at the residence of his estranged wife, Lola Todd (Lola). He was agitated and claimed he wanted to fight a man who had chased him to the house. Lola and Todd began to argue, Todd broke various pieces of furniture, including a glass coffee table, a curio cabinet and a television, and he pushed Lola, causing a red mark on her neck. Lola called the police, and Officers Spencer Gann and Eddie Savage arrived on the scene.

Lola and Todd's adult daughter, Sharkarra Todd (Sharkarra), was also present. She stated she saw Todd push Lola. At trial, the officers testified they arrived and witnessed an argument in progress. They observed broken furniture and that the television had fallen on Sharkarra's foot. They testified as to Lola's on-the-scene statement that Todd had grabbed her by her throat and shoved her and that they had observed a red puffy welt on the side of Lola's neck.

On March 5, 2010, Todd was charged with domestic abuse assault in violation of Iowa Code section 708.2A.2(a) (2009), and criminal mischief in the third degree, in violation of Iowa Code section 716.6, both simple misdemeanors. A bench trial was held on September 2, 2010, and Todd was found guilty on both counts. He was sentenced to seven days in jail with all but two days suspended, and was ordered to attend a batterer's education program.[1] Todd appealed to the district court, which upheld the magistrate's decision. Todd then filed an application for discretionary review, which the supreme court granted.

## II. Sufficiency of the Evidence

Todd first claims sufficient evidence does not exist to support either conviction. We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the record in the light most favorable to the non-moving party, here, the State, and make all legitimate inferences and presumptions that may be reasonably deduced from the evidence. *Id.* If substantial evidence supports the verdict, we

---

[1] Substantial delays followed Todd's oral notice of appeal from the magistrate's ruling, none of which need be detailed to reach the issues in this current appeal.

will affirm. *Id.* Evidence is substantial if it would convince a reasonable trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

To be convicted of domestic abuse assault, the State must prove Todd acted with the intent "to cause pain or injury to, or . . . result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act," or that he intended to place another in fear of immediate physical contact that is painful, injurious, insulting, or offensive. Iowa Code § 708.1(1)–(2). Todd asserts that, because Lola testified she was not scared, Todd used no force, the "welt" on her neck was from a surgical scar, and Todd did not act intentionally, the evidence was insufficient to sustain his conviction. However, while Lola recanted or minimized her initial story, she did testify Todd pushed her with his hands, which was corroborated by Sharkarra's testimony that Todd pushed Lola. Officers Savage and Gann also testified that, at the scene, Lola was upset and stated Todd grabbed her by her throat and shoved her. This is sufficient evidence to affirm the conviction for domestic abuse assault.

To be guilty of criminal mischief, Todd must have intentionally destroyed or damaged property he had no right to damage. *See* Iowa Code §§ 716.1, 716.6. Todd relies on Lola's testimony that Todd owned all the property he damaged, and argues he could not be found guilty of this charge because the property belonged to him. However, on cross examination Lola admitted she owned the damaged table. The magistrate found Lola's statement that she owned the table more credible than her previous statement. We defer to the credibility determinations of the fact finder. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). Furthermore, Sharkarra testified the cabinet belonged to

both Todd and Lola, and Todd has no right to destroy marital property. *See State v. Zeien*, 505 N.W.2d 498, 499 (Iowa 1993) ("[T]he [criminal mischief] statute should apply to marital property as well as any other [property]."). Therefore, taking into account the totality of the evidence as well as the magistrate's credibility determination, sufficient evidence exists to support the conviction for criminal mischief, and we affirm.

## III. Ineffective Assistance of Counsel

Todd next asserts trial counsel was ineffective based on three grounds: 1) counsel failed to object to the officers' testimony regarding Lola's welts, 2) counsel failed to object to hearsay statements, and 3) counsel failed to demand a jury trial.

A defendant may raise an ineffective assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective assistance of counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.*

### A. Officers' Testimony

Todd argues the testimony of the officers regarding the welt they observed on Lola's neck was improper because they were not qualified to distinguish a welt from a surgical scar. Consequently, trial counsel was ineffective for failing to object to the statements. However, lay opinion testimony is allowed when the

opinion is rationally based on the witness's perception and is helpful to understand the witness's testimony or determine a fact in issue. Iowa R. Evid. 5.701; *see also State v. Glaus*, 455 N.W.2d 274, 276 (Iowa Ct. App. 1990) ("[A] lay or non-expert opinion is received because and whenever the facts cannot be told so as to give the court or jury the information which the witness's observation has given to him.").

Officer Gann testified he observed a red welt on Lola's neck without an incision or scratch, and that it could not have been from an operation. Officer Savage testified Lola had a red puffy welt on the side of her neck that was fresh and was not an incision, from a scratch or open sore, and there was no mention at the time of surgery on her neck. This testimony is rationally based on the officers' perception of the welt, and is therefore proper lay opinion testimony. Consequently, trial counsel did not breach an essential duty by not objecting to this testimony, and Todd's claim is without merit.

**B. Hearsay**

Todd further asserts trial counsel was ineffective because he failed to object to the officers' testimony regarding Lola and Sharkarra's statements at the scene. However, trial counsel breached no essential duty by not objecting because these statements met the excited utterance exception to the hearsay rule. *See* Iowa R. Evid. 5.803(2). This exception exists when the statement relates "to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.* The officers arrived during the fracas where they observed "yelling and shouting" and the fact that "Lola was angry and out of breath." This indicates the statements were reliable

because they were made under the stress and excitement of the event rather than upon reflection or deliberation, and therefore admissible. *See State v. Atwood,* 602 N.W.2d 775, 782 (Iowa 1999). Consequently, Todd's ineffective-assistance claim is without merit.

Todd next argues that his Confrontation Clause rights were violated, and thus trial counsel was ineffective in failing to object to these same statements. However, as demonstrated by the record, Todd had ample opportunity during trial to question Lola and Sharkarra regarding their statements and perceptions of the events. Therefore, no Confrontation Clause violation occurred, and Todd's claim fails.

### C. Jury Trial

Todd also asserts trial counsel was ineffective because counsel did not advise him of his right to demand a jury trial, nor did counsel demand a jury trial despite Todd stating he wished to exercise this right. Regardless of the contradictory position inherent in Todd's claim, there is an insufficient record to decide this issue. Therefore, we preserve Todd's claim for possible postconviction relief proceedings.

## IV. Due Process

Todd next argues his due process rights were violated because he was not informed of his right to a jury trial, he was denied a meaningful appeal to the district court, and his statement of evidence under Iowa Rule of Appellate Procedure 6.807 was not addressed on appeal by the district court. The State responds that Todd failed to preserve error on this claim.

"The doctrine of error preservation has two components—a substantive component and a timeliness component." *State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011) (holding a one-page resistance that stated there was no legal basis for the State's actions did not properly preserve error with respect to the defendant's constitutional claims). To preserve error on appeal, the party must first state the objection in a timely manner, that is, at a time when corrective action can be taken, in addition to the basis for the objection. *Id.* at 524. The court must then rule on the issue. *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). "If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Id.* (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002)).

Todd's arguments regarding due process were never raised before either the magistrate judge or the district court judge. Therefore, this claim was not considered by the lower court, and it is not preserved. Consequently, we decline to address the merits of Todd's arguments.

**V. Batterer's Education**

Todd's final argument asserts that, because he was placed on "self-probation" rather than "formal" probation, the batterer's education program could not be ordered, and thereby constitutes an illegal sentence. However, pursuant to Iowa Code section 708.2B, because Todd was convicted of domestic abuse assault under Iowa Code section 708.2A, he must "report to the district department in order to participate in a batterers' treatment program for domestic abuse offenders." Given this statutory mandate, Todd's sentence, which

included the batterer's education program, was not illegal.  Therefore, we affirm his sentence.

**AFFIRMED.**