STATE of Iowa, Appellee,

v.

Lawrence Lee HILDEBRANT, Appellant.

No. 84–1313.

Supreme Court of Iowa.

May 13, 1987.

Harlan H. Giese, Jr., Bettendorf, for appellant.

Thomas J. Miller, Atty. Gen., Bradley V. Black, Asst. Atty. Gen., and William E. Davis, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

REYNOLDSON, Chief Justice.

Lawrence Lee Hildebrant appeals his conviction for violating Iowa Code section 709.12(1) (1983), indecent contact with a child. We affirm.

Hildebrant initially pleaded not guilty to the charge. He and the State later entered into a plea agreement in which Hildebrant agreed to plead guilty to the charge. In return, the State agreed to make no recommendation with respect to sentencing.

June 27, 1984, following a hearing conducted pursuant to Iowa Rule of Criminal Procedure 8(2)(b), district court accepted Hildebrant's guilty plea. The latter filed no motion in arrest of judgment, and on August 9, 1984, the district court imposed sentence. After limited remand for correction of sentence, Hildebrant's appeal on the merits is before us.

I. Hildebrant makes two substantive challenges to district court's acceptance of his guilty plea. First, he asserts district court failed to assure he understood the nature of the charge. Second, Hildebrant contends district court failed to establish an adequate factual basis for his guilty plea. Such failures, if shown, would violate Iowa Rule of Criminal Procedure 8(2)(b) and would require reversal of the conviction.

Before addressing these issues, however, we must determine whether Hildebrant has waived his right to challenge district court's acceptance of his guilty plea. After accepting the plea, district court warned Hildebrant that any challenge to its acceptance of his guilty plea was required to be raised by timely motion in arrest of judgment. Iowa R.Crim.P. 8(2)(d), 23(3)(a)-(b). District court also cautioned Hildebrant his failure to so move would preclude him from challenging the plea proceedings on appeal. Iowa R.Crim.P. 8(2)(d), 23(3)(a).

■ Despite district court's clear and correct statement of the law, *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980), Hildebrant filed no motion raising the two issues he now asserts in this appeal. We therefore may not consider these issues unless Hildebrant's failure to pursue them in district court resulted from ineffective assistance of counsel. *State v. Schoelerman*, 315 N.W.2d 67, 71 (Iowa 1982).

Recognizing his dilemma, Hildebrant asserts such a claim in this appeal. Although ordinarily hesitant to address such claims on direct appeal, *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987); *State v. Rawlings*, 402 N.W.2d 406, 408 (Iowa 1987), we have the obligation to determine whether the issue should be disposed of on

direct appeal or should be reserved for postconviction proceedings, *State v. White*, 337 N.W.2d 517, 519–20 (Iowa 1983). In this case, we are convinced the record is sufficiently developed to consider on direct appeal Hildebrant's claim of ineffective assistance.

■ II. To establish his ineffective assistance of counsel claim, Hildebrant has the burden to prove by a preponderance of the evidence counsel failed to perform an essential duty, and prejudice resulted therefrom. *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987); *State v. Yaw*, 398 N.W.2d 803, 805–06 (Iowa 1987). Because Hildebrant's claim is of constitutional dimension, our review is de novo. *Taylor v. State*, 352 N.W.2d 683, 684 (Iowa 1984).

■ In proving the first prong of this test, Hildebrant must overcome the strong presumption counsel's actions were reasonable under the circumstances and fell within the normal range of professional competency. *Id.* at 685. To demonstrate prejudice, Hildebrant must prove there is a " 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* at 685 (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984)). If it is more efficient to dispose of an ineffective assistance claim by looking first to the question of prejudice, we will do so. *Gering v. State*, 382 N.W.2d 151, 154 (Iowa 1986) (citing *Taylor*, 352 N.W.2d at 685). With these principles in mind we turn to Hildebrant's specific claim.

At the plea hearing district court, with one possible exception now asserted, thoroughly explored Hildebrant's understanding of the charge, explained in detail the elements of the charge and the consequences of a guilty plea, and established a factual basis for the charge. *See* Iowa R.Crim.P. 8(2)(b).

Hildebrant now contends district court failed to make clear to him that the challenged activity must have occurred with one other than Hildebrant's spouse.[1] Because of this alleged failure, Hildebrant asserts he was not made sufficiently aware of the nature of the crime and contends further that district court failed to establish a factual basis for one element of the charge. Hildebrant argues trial counsel's failure to raise these deficiencies by motion in arrest of judgment constituted ineffective assistance of counsel. We disagree.

Even assuming district court's actions were technically deficient, Hildebrant points to nothing that would suggest his counsel's decision not to file a motion in arrest of judgment was either unprofessional or prejudicial. The reason for this failure is clear: The record before district court, and now before this court, contains uncontradicted and unchallenged information the victim was not Hildebrant's spouse, but a stepdaughter. Even on appeal, Hildebrant makes no claim that would suggest the child was his spouse.

■ We conclude trial counsel's failure to raise the nonspousal issue by motion to arrest, an act destined to have no impact on the outcome of the hearing, was reasonable and in no way prejudicial to Hildebrant's case. While counsel should always protect a defendant's rights diligently and uncompromisingly, counsel is under no obligation to engage in an obviously useless act.

We reject Hildebrant's claim of ineffective assistance of counsel. Because he failed to assert his substantive claims by motion in arrest of judgment, those claims are barred. We affirm his conviction.

AFFIRMED.

1. Although trial court did not itemize as an element to be established by the State that the victim was not the defendant's spouse, trial court did read to the defendant Iowa Code section 709.12(1), including the requirement that the prohibited acts be "with a child, not the person's spouse." *See* Iowa Code § 709.12(1) (1983).