Rick Dean FOSTER, Appellant,

v.

STATE of Iowa, Appellee.

No. 90–1577.

Court of Appeals of Iowa.

Oct. 29, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Kevin Parker, County Atty., and John A. Criswell, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

In 1981 Rick Foster was convicted of first-degree kidnapping and second-degree sexual abuse. The two convictions arose from the same series of events. The sexual abuse conviction was later vacated by the district court on the ground it was merged into the kidnapping conviction.

In 1982 the Iowa Supreme Court affirmed Foster's first-degree kidnapping conviction upon direct appeal. 318 N.W.2d 176. Foster later sought postconviction relief. The district court initially dismissed his postconviction action sua sponte without a hearing. However, the Iowa Supreme Court later reversed this dismissal and remanded for an evidentiary hearing. *Foster v. State*, 395 N.W.2d 637 (Iowa 1986).

After various delays not fully explained by the record, an evidentiary hearing was held in 1990. The district court then denied postconviction relief. Foster has appealed.

Foster contends his attorney in the 1981 criminal trial rendered ineffective assistance by failing to request an instruction submitting the crime of sexual abuse as a lesser-included offense of the crime of kidnapping in the first degree.

I. *Legal Framework for Ineffectiveness Claims.*

Established principles govern our review of Foster's sixth amendment claim his counsel was ineffective. Our ultimate concern is with "the fundamental fairness of the proceeding whose result is being challenged." *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984). We must consider whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93. "In examining counsel's conduct we review de novo the totality of relevant circumstances." *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987) (citations omitted). "Defendant bears the burden of proving by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted." *Id.* at 131–32.

In proving the first prong of this test, Foster must overcome the strong presumption counsel's actions were reasonable under the circumstances and fell within the of normal range of professional competency. *State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). To prove the second prong of this test Foster must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

Generally, ineffective assistance of counsel claims are preserved for postconviction to allow trial counsel an opportunity to defend the charge. *State v. Mulder*, 313 N.W.2d 885 (Iowa 1981); *State v. Nebinger*, 412 N.W.2d 180 (Iowa App.1987). Defendant is not entitled to perfect representation, but only to that which is within the range of normal competency. *Cuevas v. State*, 415 N.W.2d 630, 632 (Iowa 1987).

With these considerations in mind, we turn to the particular issues before us.

## II. *Lesser–Included Offense Instructions.*

At the time of trial, Iowa courts utilized a two-part test to determine whether lesser-included offense instructions were required. The legal test was first implemented, to determine if the lesser offense was included in the greater. *State v. Sanders*, 280 N.W.2d 375, 377 (Iowa 1979); *see State v. Jeffries*, 430 N.W.2d 728, 735–37 (Iowa 1988) (*Jeffries* extensively examines and redefines Iowa's lesser-included offense doctrine). If the lesser offense was indeed included within the greater, the trial court then examined the evidence to determine if substantial evidence supported giving the instruction. *Id.*

Lesser-included offense instructions are given to allow the jury to make more accurate findings based on the evidence presented. *See Jeffries*, 430 N.W.2d at 733; Comment, *Courts Must Instruct on Lesser–Included Offenses*, 39 Drake L.Rev. 549, 552 (1988–1990). Lesser-included offense instructions are essentially

a practical compromise between two considerations: the prosecutor's fear that juries will reach "compromise verdicts" and the defendant's fear that a jury "will convict on insufficient evidence rather than let a defendant they believe guilty of some wrongdoing go free."

*Jeffries*, 430 N.W.2d at 733 (quoting Comment, *Jury Instructions on Lesser–Included Offenses*, 57 Nw.U.L.Rev. 62, 68 (1962)).

In the present case the jury convicted Foster of *both* first-degree kidnapping *and* second-degree sexual abuse. The trial court merged the second-degree sexual abuse conviction into the first-degree kidnapping. *See State v. Davis*, 328 N.W.2d 301, 307 (Iowa 1982). Foster does not appeal the finding of second-degree sexual abuse.

Foster is now contending he was entitled to an instruction on sexual abuse as a lesser-included offense of first-degree kidnapping. Second-degree sexual abuse is a lesser-included offense of first-degree kidnapping. *See id.* If substantial evidence controverting the elements of the greater and lesser offenses was presented, the trial court was required to give an instruction on the lesser-included offense. *Sanders*, 280 N.W.2d at 377; Iowa R.Crim.P. 6(3); *see also State v. Royer*, 436 N.W.2d 637, 642 (Iowa 1989); *Jeffries*, 430 N.W.2d at 737. If the trial court failed to give an adequate instruction, Foster's trial counsel was required to object to the trial court's failure in order to preserve error. *See State v. Rouse*, 290 N.W.2d 911, 914–15 (Iowa 1980); *see also Jeffries*, 430 N.W.2d at 737. As Foster's trial counsel failed to preserve error on this issue, we must now consider whether this failure constituted ineffective assistance of counsel.

## III. *Proof on Ineffectiveness Claim.*

In this case, Foster was relying on a diminished capacity defense of intoxication. The victim testified she smelled alcohol on his breath and she believed Foster was intoxicated at the time of the incident. Foster also claimed to be intoxicated. While intoxication is not a complete defense, it can establish diminished responsibility, thereby negating specific intent. *State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986).

First-degree kidnapping is a specific intent crime. Iowa Code § 710.1 (1979). Second-degree sexual abuse is a general intent crime. Iowa Code § 709 (1979). We determine Foster was entitled to a lesser-included offense instruction on sexual abuse for the greater charge of kidnapping in the first-degree. However, it is possible his attorney had a tactical or other reason

for not requesting the instruction or objecting to its omission.

This postconviction action was decided prior to our supreme court's decision in *State v. John William Wallace*, 475 N.W.2d 197 (Iowa 1991). In *Wallace*, a case involving the criminal charge of willful injury, defense counsel advised the court that his client wanted to waive the submission of all lesser-included offenses, preferring to proceed under the "all or nothing" defense. The prosecutor stated he had no objection to that request. Nonetheless, the trial court submitted three lesser-included offenses, and the jury found defendant guilty of one of them.

In reversing the trial court and remanding with directions to dismiss, the supreme court in *Wallace* essentially held that the trial court erred for it crossed the line into constitutionally-protected rights by insisting that the waiver must be established "by a showing that Wallace knowingly, intelligently, and voluntarily gave it." The supreme court reasoned that the right to jury instructions on lesser-included offenses in non-capital cases falls short of being fundamental. Since a fundamental right was not involved, the supreme court held that a showing on the record that the defendant personally, knowingly, intelligently, and voluntarily waived lesser-included jury instructions was not necessary.

Neither trial counsel nor the court had the benefit of the court's ruling in *Wallace*. From our review of the record before us, we do not have the benefit of the reasoning of defendant's counsel in not objecting to the failure to instruct on the lesser-included offense. Neither side called Foster's trial counsel in this case. We have repeatedly said ineffective assistance of counsel claims are generally preserved for postconviction *to allow trial counsel an opportunity to defend the charge. State v. Mulder*, 313 N.W.2d 885 (Iowa 1981); *State v. Nebinger*, 412 N.W.2d 180 (Iowa App.1987). We cannot render a just decision in this case without having the reasoning of the applicant's trial attorney in the record. For us to proceed with such an incomplete record would be patently unfair

to either the applicant or his attorney, or both.

Foster must first establish a prima facie case of ineffective assistance of counsel. Once he has established such a prima facie case, the burden of evidence shifts to the State. 31A C.J.S. *Evidence* § 110 (1964); *see, e.g., Tice v. Wilmington Chemical Corp.*, 259 Iowa 27, 47, 143 N.W.2d 86, 86 (1966). The State need show only *some* rationale for the trial counsel's actions or omissions. The burden remains with Foster to prove his trial counsel's actions were 1) incompetent, and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

We vacate the trial court's order dismissing Foster's postconviction relief application. We remand this case to the trial court for proceedings not inconsistent with this opinion. We retain jurisdiction.

Within sixty days from the date of the filing of this opinion the trial court shall hold a hearing where the testimony of the applicant's trial counsel is taken. Thereafter, and within thirty days after the conclusion of the hearing, the trial judge shall file his findings, conclusions, and ruling. A transcript of the proceedings, along with the trial court's ruling, shall be filed with the Clerk of the Supreme Court within thirty days after the filing of the judge's ruling. The parties may file additional briefs, if desired, but the same must be filed within ten days after the filing of the transcript.

We form no opinion as to the content of the trial court's ruling.

VACATED AND REMANDED.