# IN THE COURT OF APPEALS OF IOWA

No. 3-1237 / 12-2101
Filed February 19, 2014

**JEREL WRIGHT,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

An applicant appeals from a district court ruling denying his request for postconviction relief. **AFFIRMED.**

Steven J. Drahozal of Drahozal Law Office, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Ralph Potter, County Attorney, and Christine O. Corken, Assistant County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins, J., and Goodhue, S.J. .*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Jerel Wright, aka Jerel Wright Bey, has appealed from the district court ruling denying his request for postconviction relief.

## I.  Procedural and Factual Background

On or about September 7, 2009, Wright was involved in a street fight. Two of the participants were stabbed.  Derick Tye was hospitalized as a result of his injuries.  Jermaris Lorez West died as a result of the injuries he sustained. Wright was immediately arrested and taken into custody.  Wright initially exercised his right to remain silent in response to law enforcement efforts to interrogate him.  He was permitted to call his mother, and she told him to tell the officers what he had done.  He responded accordingly and admitted stabbing Tye and indicated he had tried to kill him but did not admit to stabbing West.  Wright was charged with the attempted murder of Tye and the second-degree murder of West.  His statements were admitted into evidence at trial.

While Wright was incarcerated in the Dubuque County Jail he was visited by Sister Rosanna Gleason, acting as a chaplain or chaplain's assistant to the residents of the jail.  Wright wrote a letter in which he admitted stabbing Tye and put it in an envelope which he gave to a jailer for delivery to Sister Gleason.  The letter did not admit that he stabbed West.  The letter was opened by the jail staff and admitted into evidence at trial.

Neither Wright's admissions to the interrogators nor his letter to his assistant chaplain were challenged by a motion to suppress, and both were admitted at trial without objection.  Wright and his counsel had determined that he would testify.  The evidence was overwhelming that he had stabbed Tye and

substantial that he had stabbed West. The blade of the knife recovered at the scene had blood with DNA matching both Tye and West. Wright was found guilty of attempted murder as charged and voluntary manslaughter instead of murder in the second degree. Wright appealed and raised the issue of ineffective assistance of counsel, but the issue was not addressed on appeal and was left open to be considered in a postconviction relief action. *See State v. Wright*, No. 10-1330, 2011 WL 2041578 (Iowa Ct. App. May 25, 2011).

An application for postconviction relief was filed by Wright on November 9, 2011. A hearing was held September 6, 2012. At that hearing Wright's counsel testified that she and Wright made the decision that he would testify in the hope that he would be found not guilty of the second-degree murder charge. His counsel believed Wright would make a good witness and, in fact, believed his testimony was well received. She believed the fact that Wright was found guilty of voluntary manslaughter instead of second-degree murder vindicated their trial strategy.

## II. Error Preservation

The State concedes that error was preserved as to Wright's claims of ineffective assistance of counsel by raising those issues in his postconviction relief action and supplemented by the district court's ruling on those claims.

## III. Standard of Review

Ineffective assistance of counsel claims in a postconviction relief proceeding are a statutory right ordinarily reviewed for errors at law, but when a constitutional issue is involved, the claim is reviewable de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

**IV. Discussion**

Wright contends his counsel was ineffective for failing to file a motion to suppress his admission that he stabbed Tye and wanted to kill him, as well as his letter to the jail chaplain, which also contained an admission to the stabbing of Tye.

To establish an ineffective-assistance-of-counsel claim the proponent must establish by a preponderance of the evidence that trial counsel failed to perform an essential duty and prejudice resulted from that failure. *State v. Fountain*, 786 N.W.2d 260, 265-66 (Iowa 2010). Counsel is presumed competent and the applicant must overcome the strong presumption that counsel's action fell within the normal range of professional competency. *State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). "Improvident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel." *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

There was scant evidence that Wright's statement to law enforcement was the result of coercion. Counsel for Wright was well aware that if he testified he would be subject to cross-examination and his statements to the interrogators would most likely be a basis for impeachment if he denied their content. *See State v. Davis*, 328 N.W.2d 301, 303 (Iowa 1982). Statements made in violation of *Miranda* rights are admissible for impeachment if the trustworthiness of the statements satisfies legal standards. *Mincey v. Arizona*, 437 U.S. 385, 397-98 (1978).

In summary, trial counsel in concert with Wright made a conscious decision for him to testify, understanding the interrogation would be admitted, in the hope that the conviction for second-degree murder would be avoided. To the extent that Wright was only convicted of voluntary manslaughter, counsel's strategy was not improvident, but instead was successful.

Wright contends that counsel was ineffective in failing to file a motion to suppress the communication which was intended for Sister Gleason.

For a communication to a member of the clergy to be considered privileged, it must be established that the communication was "(1) confidential, (2) entrusted to a person in his or her professional capacity, and (3) necessary and proper for the discharge of the function of the person's office." *State v. Alspach*, 524 N.W.2d 665, 668 (Iowa 1994). The trial court concluded the letter intended for Sister Gleason never qualified as a confidential communication, but we need not address the initial nature of the document. The right to a privileged communication can be waived not only as to the specific conversation or document but also as to the actual content of the claimed privileged communication. *See State v. Demary*, 704 N.W.2d 60, 65 (Iowa 2005).

Wright complains the letter included a confession, but the confession was only to the stabbing of Tye, which he readily admitted at trial. The other parts of the letter were consistent with the plan of defense. It has already been established that the admission of the Tye stabbing and denial of the West stabbing were a part of what turned out to be a partially successful trial strategy. The letter to Sister Gleason simply confirmed Wright's own testimony. Whether or not the communication was at any point privileged, the confidential aspect of it

was abandoned and any privilege waived when Wright took the witness stand and admitted the contents of the document.  The motion to suppress would have been made prior to the admission at trial, but the pretrial strategy was always for Wright to testify and admit the stabbing of Tye.

A critical element of a claim of ineffective assistance of counsel is a showing that prejudice resulted from counsel's error.  *Fountain*, 786 N.W.2d at 265-66.  Prejudice cannot ordinarily be found based on the admission of inadmissible evidence when the same evidence is otherwise in the record.  *McKettrick*, 480 N.W.2d at 60.

Wright, in concert with counsel, consciously made the decision to testify. He is now objecting to the admission of evidence which one way or another would have been before the jury as a result of that decision.  We refuse to assume the role of a Monday-morning quarterback, and decline to condemn trial counsel's chosen strategy of defense.  *See State v. Risdal*, 404 N.W.2d 130, 133-34 (Iowa 1987).  Wright has not met his burden of proving that trial counsel failed to perform an essential duty or that prejudice resulted from such an alleged failure.

We affirm the decision of the district court denying Wright's application for postconviction relief.

**AFFIRMED.**