# IN THE COURT OF APPEALS OF IOWA

No. 15-1672
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRENTON JOHN ATTERBERG,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, John M. Wright, Judge.

Defendant appeals his conviction for burglary in the first degree. **AFFIRMED.**

Matthew M. Boles and Adam C. Witosky, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BOWER, Judge.**

Defendant Trenton Atterberg appeals his conviction for burglary in the first degree. We find Atterberg has not met his burden of proof to show he received ineffective assistance of counsel in the pretrial proceedings, during his criminal trial, or in counsel's decision not to have the jury selection process recorded. Nor has Atterberg shown he was denied a fair trial due to cumulative error. We affirm Atterberg's conviction.

### I. Background Facts & Proceedings

On April 3, 2015, at about 12:50 a.m., Blake Jorgenson was in his vehicle in the drive-through lane at McDonald's in Keokuk, with his girlfriend, Andrea McVay, and a friend, Kelsey Newlan. Atterberg and his girlfriend, Lindsay Arrowood, drove up behind Jorgenson's vehicle. Behind Atterberg in the drive-through lane was a third vehicle, driven by Frederick Scott. Jorgenson and Atterberg had previously been friends, but then had a falling out.

Atterberg got out of his vehicle and walked up to Jorgenson's vehicle, which had the driver's side window open. Atterberg reached into the vehicle and punched Jorgenson several times, causing a knot on the side of his head, a bloody nose, and a fat lip. Scott got out of his vehicle and pulled Atterberg away from Jorgenson. A police officer was driving by, observed there was a confrontation, and stopped to investigate. The incident was recorded by a McDonald's security camera.

Atterberg was charged with burglary in the first degree and possession of marijuana. About a week before trial, the prosecutor offered a plea agreement that would have required Atterberg to plead guilty to assault causing bodily injury

and serve sixty days in the county jail and, in exchange, the State would dismiss the possession charge. Defense counsel discussed the plea offer with Atterberg and encouraged him to accept the offer, telling him, "It was a mixed bag. I mean, this was a tough case because of the video." Atterberg did not accept the plea offer within the time permitted by the prosecutor. After the time had passed, he offered to plead guilty but only serve ten days in jail. The prosecutor did not accept Atterberg's offer, stating it was too late. The State dismissed the charge of possession of marijuana.

The case proceeded to a jury trial. Atterberg presented a defense claiming (1) Jorgenson's vehicle was not an occupied structure, (2) even if the vehicle was an occupied structure, there was no entry, and (3) even if the jury found Atterberg entered an occupied structure, he was guilty of a lesser offense than first-degree burglary. In opening arguments defense counsel stated there had been an assault but argued Atterberg's conduct did not constitute a burglary. Arrowood testified that while she and Atterberg were behind Jorgenson's vehicle in the drive-through lane she heard shouting coming from Jorgenson's vehicle and told Atterberg the occupants were yelling at them, but she could not hear what they were saying, and this caused Atterberg to get out of the vehicle. The jury found Atterberg guilty of first-degree burglary.

Atterberg obtained new counsel and filed a motion for new trial, claiming he received ineffective assistance of counsel. A hearing was held on the motion, and defense counsel testified. The district court denied the motion for new trial, finding Atterberg had not shown he received ineffective assistance from defense

counsel. Atterberg was sentenced to twenty-five years in prison. He now appeals.

## II.      Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.      Ineffective Assistance

**A.**      Atterberg claims he received ineffective assistance prior to his criminal trial because defense counsel failed to (1) adequately investigate the case, (2) adequately explain the plea offer to Atterberg, and (3) request a continuance to give Atterberg more time to think about the plea offer. He states defense counsel should have done more to encourage him to accept the plea offer.

"If it is more efficient to dispose of an ineffective assistance claim by looking first to the question of prejudice, we will do so." *State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). "Prejudice is generally found only if 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) (citations omitted). In order to show prejudice, a defendant must show a reasonable probability of a

different result, sufficient to undermine confidence in the outcome of the case. *State v. Cromer*, 765 N.W.2d 1, 11 (Iowa 2009).

With the benefit of hindsight, Atterberg may now wish he had accepted the plea offer extended by the State. At the hearing on the motion for new trial, however, he did not present any evidence to show he rejected the State's offer because defense counsel did not adequately explain the case against him or the State's plea offer, or because he did not have enough time to consider the plea offer. Defense counsel testified he told Atterberg it was a "tough case" due to the video and Atterberg made the decision to reject the plea offer. We conclude Atterberg has not shown the decision to reject the plea offer was due to ineffective assistance of counsel.

**B.** Atterberg claims he received ineffective assistance during the criminal trial because defense counsel failed to present a defense to the elements of burglary. He states defense counsel attempted to dispute elements clearly shown by the evidence—Jorgenson's vehicle was an occupied structure and Jorgenson received a bodily injury—while conceding Atterberg committed an assault. Atterberg also claims defense counsel mishandled the cross-examination of Jorgenson by eliciting testimony about the reason Atterberg and Jorgenson were no longer friends. Jorgenson testified he gave Atterberg $200 for the purchase of drugs and Atterberg did not provide him with anything.

We determine Atterberg has not shown he was prejudiced by defense counsel's performance. As he notes in his brief, the evidence of his guilt was overwhelming. In addition to the eyewitness testimony of Jorgenson, McVay, Newlan, and Scott, the videotape from the McDonald's security camera showed

Atterberg, unprovoked, reached into Jorgenson's vehicle and struck Jorgenson several times. Even if counsel breached an essential duty, Atterberg cannot show he was prejudiced because the evidence of his guilt was overwhelming. *See State v. Parker*, 747 N.W.2d 196, 211 (Iowa 2008) (finding even though counsel failed to object to certain evidence, defendant was not prejudiced due to the overwhelming evidence of his guilt). Atterberg has not shown, but for defense counsel's alleged errors, the result of the proceeding would have been different.

**C.** Atterberg claims he received ineffective assistance because defense counsel did not request to have jury selection recorded. The prosecutor, defense counsel, and defendant signed a Waiver of Reporting of Certain Portions of the Record, which waived reporting for the proceedings for impaneling a jury. Atterberg does not make any specific claims about anything that occurred during the jury selection process but states the decision to waive recording of jury selection constituted ineffective assistance of counsel.

"When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). "The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Id.* Here, Atterberg does not allege any specific error which occurred during the jury selection process. We conclude he has not presented a basis for a claim of ineffective assistance of counsel.

**D.** Finally, Atterberg claims cumulative error denied him a fair trial and due process. In some instances, the cumulative effect of trial court errors may deny a defendant the right to a fair trial. *See State v. Droste*, 232 N.W.2d 483, 491 (Iowa 1975). "Under Iowa law, we should look to the cumulative effect of counsel's errors to determine whether the defendant satisfied the prejudice prong of the *Strickland* test." *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012) (referring to *Strickland v. Washington*, 466 U.S. 688, 691–92 (1984)). Looking at the cumulative effect of the prejudice arising from all of the claims raised by Atterberg, we determine he has not shown he was denied his right to a fair trial.

We affirm Atterberg's conviction for first-degree burglary.

**AFFIRMED.**