# IN THE COURT OF APPEALS OF IOWA

No. 16-1301
Filed June 21, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JAMES EARL OVERTON, JR.**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

     Defendant appeals his convictions for second-degree theft, operating while intoxicated, first-degree harassment, second-degree criminal mischief, and two counts of eluding.  **AFFIRMED.**

     Edward S. Fishman of Nelsen & Feitelson Law Group, P.L.C., West Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

     Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

James Overton Jr. appeals his convictions for second-degree theft, operating while intoxicated (OWI), first-degree harassment, second-degree criminal mischief, and two counts of eluding, claiming ineffective assistance of counsel. We find Overton has not shown he received ineffective assistance on his claims defense counsel should have (1) informed him of the intoxication defense to the criminal mischief and harassment charges; (2) objected when the court did not explain the specific intent elements of criminal mischief and harassment; (3) explained the intent element of theft; and (4) advised him not to plead guilty to first-degree harassment or second-degree theft because there was not a factual basis for the pleas. We determine the record is not adequate to address Overton's claim defense counsel should have informed him of the surcharges he would be assessed and preserve this issue for possible postconviction proceedings. We affirm Overton's convictions.

## I.     Background Facts & Proceedings

On October 20, 2015, Overton stole a 2005 Cadillac from Town and Country Motors, a car dealership in Des Moines. On November 1, 2015, an officer noticed the vehicle on the shoulder of Interstate 80. After talking to the driver, Overton, the officer briefly returned to his vehicle, and Overton drove away. The officer pursued Overton, who drove at excessive speeds. When Overton was apprehended, he appeared to be under the influence of a controlled substance. He told medical personnel he was a methamphetamine and heroin user. Overton was charged with theft in the second degree, in violation of Iowa

Code section 714.2(2) (2015), eluding, in violation of section 321.279(3), and OWI, in violation of section 321J.2.

On March 8, 2016, Overton entered guilty pleas to those three charges. The court accepted Overton's guilty pleas and set the sentencing hearing for a later date.

On March 30, 2016, Overton was visiting his girlfriend, Candace Jacobs, at the apartment of Maranda Mills, and Mills asked him to leave. From outside, Overton shouted to Mills he had a gun and threatened Mills and Jacobs. A few hours later, Mills received a text from Overton about her vehicle. She discovered the windows of her Nissan Altima had been cracked and broken. Overton was charged with harassment in the first degree, in violation of section 708.7(2), and criminal mischief in the second degree, in violation of section 716.4.

Later on March 30, 2016, an officer observed Overton driving in Des Moines and attempted to stop him based on the incidents earlier that day.[1] Overton did not stop after the officer activated his lights and siren; instead he drove away at a high rate of speed. He was apprehended after he was involved in an accident with another vehicle. Overton was charged with eluding, in violation of section 321.279(3), and driving while revoked, in violation of section 321J.21.

Overton entered into a comprehensive plea agreement, which recognized his earlier guilty pleas, and he agreed to plead guilty to first-degree harassment

---

[1] Overton was then driving a vehicle owned by Jacobs.

and eluding, as well as enter an *Alford* plea to second-degree criminal mischief.[2] The State agreed to recommend consecutive sentences for all of the offenses, but have the sentences suspended, with Overton placed on probation with the condition he attend a substance abuse treatment program. The State also agreed to dismiss all other pending charges against Overton.

A plea hearing was held on July 7, 2016, for the charges of first-degree harassment, second-degree criminal mischief, and the charge of eluding arising from Overton's actions on March 30, 2016. Defense counsel stated he was not aware of any affirmative defenses available to Overton for the charges of first-degree harassment and second-degree criminal mischief. The court accepted Overton's guilty pleas to first-degree harassment and eluding and his *Alford* plea to second-degree criminal mischief.

The sentencing hearing was held following the plea proceedings on July 7, 2016. The State and the defendant both recommended consecutive, suspended sentences, with Overton placed on probation, and ordered to attend a substance abuse treatment program. The district court sentenced Overton to a total term of imprisonment not to exceed twenty-three years, suspended the sentences, and placed him on probation for four years, with the condition he attend a substance abuse treatment program. Overton was informed a violation of the program rules would be considered a violation of his probation. Overton appeals his convictions.

---

2 In an *Alford* plea a defendant consents to the imposition of a sentence, even if the defendant is unwilling to admit participation in the acts constituting the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

## II. Ineffective Assistance

Generally, in order to challenge the adequacy of a guilty plea proceeding, a defendant must file a motion in arrest of judgment. Iowa R. Crim. P. 2.24(3)(a). Although Overton was informed in both plea proceedings of the need to file a motion in arrest of judgment if he wanted to challenge his guilty pleas, he did not file one. On appeal, he claims his failure to file a motion in arrest of judgment was the result of ineffective assistance of counsel. Thus, we consider Overton's claims within the context of a claim of ineffective assistance of counsel. *See State v. Bearse*, 748 N.W.2d 211, 218-19 (Iowa 2008) (stating the failure to file a motion in arrest of judgment does not bar a defendant's claims if the failure was due to ineffective assistance of counsel).

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). In guilty plea proceedings, in order to show prejudice, a defendant must demonstrate a reasonable probability the defendant would not have pleaded guilty and would have insisted on going to trial, but for counsel's alleged errors. *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Overton claims he received ineffective assistance because defense counsel did not advise him of the availability of an intoxication defense to the

charges of first-degree harassment and second-degree criminal mischief. He states if he had been aware intoxication could have been raised as a defense to the specific intent elements of harassment and criminal mischief, he would not have pled guilty to first-degree harassment or entered an *Alford* plea to second-degree criminal mischief.

First-degree harassment is committed when a person threatens to commit a forcible felony "with intent to intimidate, annoy, or alarm another person." Iowa Code § 708.7(2). Harassment is considered to be a specific intent crime. *State v. Evans*, 671 N.W.2d 720, 724 (Iowa 2003). The definition of criminal mischief states, "Any damage, defacing, alteration, or destruction of property is criminal mischief when done intentionally by one who has no right to act." Iowa Code § 716.1. The statute requires the specific intent to damage, deface, alter, or destroy property. *See State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998). "While intoxication is not a complete defense, it can establish diminished responsibility, thereby negating specific intent." *Foster v. State*, 478 N.W.2d 884, 886 (Iowa Ct. App. 1991) (citing *State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986)). Thus, if an intoxication defense was established it could negate the specific intent elements of the harassment and criminal mischief charges.

During the plea proceeding on the charges of harassment, criminal mischief, and eluding, the defense was questioned:

> THE COURT: Have you and your attorneys had a chance to discuss any possible defenses to those crimes?
> THE DEFENDANT: Yes, sir.
> THE COURT: [Defense Counsel], are you aware of any possible defenses to those crimes other than a general denial which could be asserted and affect the potential outcome of a trial?

[DEFENSE COUNSEL]: Your Honor, I am aware of no affirmative defenses. I have discussed with my client what a trial strategy would look like and what the defenses we would be raising, and he is electing to proceed in this fashion, Judge.

From the present record, it is unclear if defense counsel was stating he was not aware of any affirmative defenses or if he was stating he was not aware of any affirmative defenses meeting the criteria of the court's question—defenses "which could be asserted and affect the potential outcome of a trial." Additionally, while defense counsel discussed possible defenses with Overton, there is no record as to whether an intoxication defense was discussed. It is possible defense counsel was aware of an intoxication defense and discussed it with Overton, but concluded the defense would not be successful. We determine the present record is not sufficient to address the issue on appeal and conclude it should be preserved for possible postconviction proceedings. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015) (noting we address claims of ineffective assistance of counsel in a direct appeal only when the record is adequate).

**B.** Overton also claims he received ineffective assistance because defense counsel did not object when the district court failed to explain the specific intent elements of harassment and criminal mischief. Iowa Rule of Criminal Procedure 2.8(2)(b)(1) requires the court to inform a defendant of "[t]he nature of the charge to which the plea is offered." "[T]he element of specific intent can be so significant that a guilty plea cannot stand where the accused was not made aware of that element." *State v. Goff*, 342 N.W.2d 830, 838 (Iowa 1983).

In describing first-degree harassment, the district court stated:

> In regards to harassment in the first degree, the State of Iowa would have to prove that on or about March 30th of 2016, in Polk County, Iowa, that you did have personal contact with Maranda Mills and Candice Jacobs purposefully and without a legitimate purpose, with the intent to threaten, intimidate, or alarm them, and with the communication involving a threat to commit a forcible felony, specifically—I assume the threat was to "blow their fucking heads off."
> Do you understand those elements?

For the charge of second-degree criminal mischief, the court stated:

> In regards to criminal mischief in the second degree, the State of Iowa would have to prove that in Polk County, Iowa, on or about March 30th of 2016, you intentionally damaged or destroyed the property of Maranda Mills by having no right to act, with the cost of replacing, repairing, or restoring the damaged property exceeding $1000.
> Do you understand those elements?

Overton indicated on the record he understood the elements of the offenses. We determine the district court adequately described the specific intent elements of first-degree harassment and second-degree criminal mischief, and defense counsel had no obligation to object. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless."). Overton has not shown he received ineffective assistance of counsel on this ground.

**C.** Overton claims he received ineffective assistance because defense counsel permitted him to plead guilty to second-degree theft when the district court did not adequately explain the offense required the intent to permanently deprive the owner of the vehicle. He states he was not adequately apprised of

"[t]he nature of the charge to which the plea is offered." *See* Iowa R. Crim. P. 2.8(2)(b)(1).

An essential element of theft is the intent to permanently deprive the owner of the property. *See State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999). "Under our case law, 'the court need not review and explain each element of the crime *if* it is "apparent in the circumstances the defendant understood the nature of the charge."'" *State v. Null*, 836 N.W.2d 41, 49 (Iowa 2013) (citations omitted). Furthermore, it is not necessary to "wring a confession from defendant either to determine his understanding of the charge or to establish a factual basis." *State v. Smith*, 300 N.W.2d 90, 92 (Iowa 1981).

On the charge of second-degree theft, the court stated:

> So in regards to theft in the second degree, the State would have to prove that on October 20, in Polk County, Iowa, that you committed theft in the second degree by taking possession of a white 2005 Cadillac STS belonging to Town and Country Motors, with the intent to deprive the owner of it, and you exercised control over the vehicle while knowing the vehicle had been stolen.
> Do you understand those elements?

Overton stated he understood the elements. He told the court, "I stole a white Cadillac." The colloquy continued:

> THE COURT: Okay. And when you took possession of that Cadillac, was it your intent to deprive the owner of that vehicle?
> THE DEFENDANT: Yes, sir.
> THE COURT: You were going to intentionally deprive them of that vehicle?
> THE DEFENDANT: Yes, sir.

Overton stated he "stole" the Cadillac, rather than stating he had borrowed it. In addition, he agreed he was "going to intentionally deprive [the owner] of the

vehicle," indicating he understood the court was asking if he was going to continue his possession of the vehicle into the future.

Additionally, the trial information charged Overton with the alternative of committing theft by "exercising control over the vehicle while knowing the vehicle had been stolen." *See* Iowa Code § 714.1(4). During the plea colloquy, the district court informed Overton of this alternative means of committing the offense of second-degree theft. Overton stated he had been driving the vehicle after admitting he stole it, showing he exercised control over the vehicle while knowing it had been stolen.

Under both of the alternative means of committing theft which were alleged in the trial information, we conclude the circumstances show Overton understood the nature of the offense. *See Null*, 836 N.W.2d 41, 49. We conclude Overton has not shown he received ineffective assistant on this ground.

**D.** Overton claims he received ineffective assistance because defense counsel permitted him to plead guilty to first-degree harassment and second-degree theft when there was not a sufficient factual basis in the record to support his pleas. "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). We examine the entire record before the district court. *Id.* at 62.

To establish the factual basis for the charge of first-degree harassment, the following exchange occurred:

THE COURT: All right. For the harassment in the first degree, can you tell me in your own words what you did to commit that crime.

THE DEFENDANT: Yes, sir. I was high on meth. And I was outside her apartment, Maranda's, and my girlfriend was inside. And they wouldn't let me in, so I went out back and I yelled. Probably did threaten them, telling them I was going to kill them or something, something along those lines.

THE COURT: Did you—would you dispute that you said you would blow their fucking heads off?

THE DEFENDANT: I don't know if that's exactly what I said, but probably along them lines, yes, sir. Probably along them lines I did say that, something to that effect.

. . . .

THE COURT: And did you intend to threaten or alarm them?

THE DEFENDANT: Yes, sir.

THE COURT: And you had no purpose to do that, did you, no legitimate purpose?

THE DEFENDANT: (Shakes head in the negative.)

We conclude there is a sufficient factual basis in the record to support Overton's guilty plea to first-degree harassment. Overton made a threat to commit a forcible felony, murder, with the intent to threaten or alarm Mills and Jacobs. *See* Iowa Code § 708.7(2). "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62.

On the charge of second-degree theft, according to the minutes of testimony, Overton went to Town and Country Motors on October 20, 2015, and spent some time looking at cars in the lot. Eventually he drove off in a vehicle bearing a dealer license plate without the right or permission to take the vehicle. Overton stated, "I stole a white Cadillac." As noted above, from Overton's statement he was "going to intentionally deprive [the owners] of that vehicle," we

can infer he was going to continue to intentionally deprive them of the vehicle into the future. We note Overton took the Cadillac on October 20, 2015, and was picked up while driving the vehicle on November 1, 2015, twelve days later. *Cf. Schminkey*, 597 N.W.2d at 790 (finding there was insufficient evidence defendant intended to permanently deprive the owner of a vehicle when he only had it a few hours before he crashed the vehicle). We find there is a sufficient factual basis in the record to support Overton's guilty plea to second-degree theft.

Overton has not shown he received ineffective assistance on the ground defense counsel permitted him to plead guilty to first-degree harassment or second-degree theft when there was not a sufficient factual basis for the pleas.

**E.** Finally, Overton claims he received ineffective assistance because defense counsel permitted him to plead guilty although the district court did not adequately inform him of the surcharges to be assessed as a result of his guilty pleas.

Under rule 2.8(2)(b), a defendant should be informed of the maximum and mandatory minimum punishment for an offense. This includes all direct consequences of a plea. *State v. Fisher*, 877 N.W.2d 676, 682 (Iowa 2016). A defendant should be informed of "the mandatory minimum and maximum possible fines, including surcharges." *Id.* at 686. We utilize a substantial compliance standard to determine whether a colloquy meets the requirements of rule 2.8(2)(b). *Id.* at 682.

In the plea proceeding for the charges of second-degree theft, eluding, and OWI, Overton was informed there would be associated surcharges to fines

assessed on the charges of second-decree theft and eluding. The court informed Overton of the possible fines on the OWI charge but did not mention any surcharges. At the later plea proceeding for the charges of first-degree harassment, second-degree criminal mischief, and eluding, Overton was informed of the surcharges for all three offenses.

We determine the record is not adequate to address this claim of ineffective assistance of counsel on direct appeal. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (noting it is "for the court to determine whether the record is adequate" to decide a claim of ineffective assistance of counsel on direct appeal). Overton should be given the opportunity to develop the record in postconviction proceedings to support his claim he would not have pleaded guilty and would have insisted on going to trial if he had known of all the surcharges associated with the offenses in this case. When the record on direct appeal is not adequate, a claim should be preserved for possible postconviction proceedings. *See id.*

We affirm Overton's convictions.

**AFFIRMED.**