# IN THE COURT OF APPEALS OF IOWA

No. 20-0636
Filed February 16, 2022

**MAR'YO DOYUAN LINDSEY, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Black Hawk County, Andrea Dryer,

Judge.


Mar'yo Lindsey appeals the dismissal of his postconviction-relief

application. **AFFIRMED.**


Christine E. Branstad of Branstad & Olson Law Office, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.


Considered by May, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**AHLERS, Judge.**

In the early evening of December 15, 2016, two people wielding handguns opened fire on a residence on the west side of Waterloo. A nine-year-old boy inside the residence was struck by one of the bullets fired into the house. An investigation soon pointed to Mar'yo Lindsey as one of the suspected shooters. Lindsey was ultimately charged in connection with the shooting, found guilty, and sentenced.[1] On direct appeal, our court rejected his sufficiency-of-the-evidence challenges and affirmed his convictions while preserving his ineffective-assistance-of-counsel claims for postconviction-relief (PCR) proceedings. *See State v. Lindsey*, No. 17-0761, 2018 WL 1433528, at *6 (Iowa Ct. App. Mar. 21, 2018). Lindsey then applied for PCR. The district court denied his application. Lindsey appeals.

**I.      Issues Presented**

On appeal, Lindsey raises four issues: (1) trial counsel was ineffective for failing to make a proper record with respect to a sleeping juror; (2) trial counsel was ineffective for failing to properly investigate an alibi defense; (3) direct-appeal counsel was ineffective for failing to properly argue the weight-of-the-evidence standard in support of Lindsey's new trial motion, resulting in our court deeming the issue waived;[2] and (4) the district court in this PCR action erred in refusing to

---

[1] Lindsey was convicted of (1) intimidation with a dangerous weapon, a class "C" felony in violation of Iowa Code section 708.6 (2016); (2) willful injury causing bodily injury, a class "D" felony in violation of Iowa Code section 708.4; (3) possession of a firearm by a felon, a class "D" felony in violation of Iowa Code section 724.26; (4) going armed with intent, a class "D" felony in violation of Iowa Code section 708.8; and (5) carrying weapons, an aggravated misdemeanor in violation of Iowa Code section 724.4.

[2] *See Lindsey*, 2018 WL 1433528, at *3 n.4.

keep the record open to allow Lindsey to present an alibi witness who had been subpoenaed to appear for the hearing but failed to appear.

## II.     Analysis of the Issues

We start with the ineffective-assistance-of counsel claims.

### A.     Ineffective Assistance of Counsel

We review ineffective-assistance-of-counsel claims de novo. *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016). These claims require showing by a preponderance of the evidence both that counsel failed to perform an essential duty and that such failure resulted in prejudice. *Id.* To satisfy the first prong, Lindsey must overcome the strong presumption that counsel acted reasonably under the circumstances and that those actions fell within the normal range of professional competency. *See State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). To satisfy the second prong, Lindsey must prove there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

#### 1.     Sleeping Juror

Lindsey claims his trial counsel was ineffective in various ways in terms of addressing a juror who Lindsey alleges was sleeping during the trial. For this claim to have merit, Lindsey must first establish that a juror was sleeping, as his trial counsel had no obligation to raise a meritless issue. *See State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020) ("Trial counsel has no duty to raise an issue that

lacks merit . . . ." (alteration in original) (quoting *State v. Ortiz*, 905 N.W.2d 174, 184 (Iowa 2017))).

Lindsey failed to prove that a juror was sleeping. The only evidence Lindsey presented to prove that a juror was sleeping was Lindsey's own testimony. The PCR court found Lindsey's testimony self-serving and lacking in credibility—a finding to which we give considerable deference even on de novo review. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but are not bound by them."). Lindsey's testimony that he personally observed a juror sleeping is suspect, as the record shows the topic was first broached by Lindsey's father during trial, not Lindsey, suggesting Lindsey made no such observation. Lindsey did not call the juror, his father, the court attendant, or anyone else as a witness to support his claim. In contrast, the State presented testimony from Lindsey's trial counsel and the trial prosecutor, both of whom testified that they never observed a juror sleeping and, if they had, they would have brought it to the trial court's attention. Further, during the hearing on Lindsey's new trial motion raising the sleeping juror as an issue, the trial court stated that it had not observed any jurors sleeping, and, when it observed a juror "nodding off," the court called an immediate recess to make certain there was not a problem.

Based on our de novo review, Lindsey failed to prove a juror was sleeping during his trial. As a result, his counsel had no obligation to raise an issue about a sleeping juror, and Lindsey's ineffective-assistance-of-counsel claims based on a sleeping juror fail on both the duty and prejudice prongs.

### 2. Pursuing an Alibi Defense

Lindsey also claims his trial counsel was ineffective because he failed to investigate and present an alibi defense. To prevail on this claim, one of the things Lindsey would be required to prove is that his trial counsel was aware of an alibi defense. Based on our de novo review, Lindsey failed to make such proof.

Although Lindsey testified that he told his trial counsel of potential witnesses to support an alibi defense, we find this unsupported testimony unpersuasive in light of the other evidence. Trial counsel testified he does not recall Lindsey ever mentioning an alibi, and, if Lindsey had, trial counsel would have followed up on it. Trial counsel's testimony that Lindsey never mentioned an alibi is bolstered by counsel's billing records, which make no mention of an alibi defense.

We find trial counsel's testimony particularly believable given that Lindsey's defense was that he loaned his vehicle to another individual who used the vehicle to commit the crime while Lindsey was elsewhere. An alibi would have fit seamlessly into this defense. In fact, an alibi would have greatly strengthened it. It makes no sense, given Lindsey's "I wasn't there" defense, that trial counsel would have simply ignored leads to witnesses who could have placed Lindsey somewhere else at the time of the crime.

It is also worth noting that the alibi claim Lindsey asserted at the PCR trial directly contradicts the statement he gave to police shortly after the shooting. In his statement to police, Lindsey never mentioned being with his claimed alibi witnesses or at their residence, so Lindsey's trial counsel would have no way of detecting the alibi claim Lindsey is now asserting without Lindsey informing counsel of it.

The evidence convinces us Lindsey never informed his trial counsel of the alibi information upon which he now relies. *See State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996) ("In assessing claims of ineffective assistance of counsel, a defendant's conduct is examined as well as that of his attorney."). Because Lindsey did not do so, trial counsel did not breach an essential duty by not pursuing the alibi defense Lindsey now claims should have been pursued.

### 3. "Weight-of-the-Evidence" Argument on Direct Appeal

Lindsey's final claim of ineffective assistance of counsel is directed at the efforts of his appellate counsel on direct appeal. Lindsey claims his appellate counsel breached an essential duty by failing to argue the proper standard on his challenge to the trial court's ruling on his motion for new trial.

While the State does not challenge error preservation on this issue, we have the authority to raise the issue on our own motion. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal."). We choose to raise the issue on our own motion.

To preserve error for appellate review, an issue "must ordinarily be both raised and decided by the district court." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The issue Lindsey now raises was neither raised nor decided below. This issue of ineffective appellate counsel was not mentioned in Lindsey's pro se application for PCR or in the amended application filed by his attorney. It was also not mentioned during the PCR trial. As a result, the issue was not raised. Even if the issue was raised, it was not decided by the PCR court, as it is not referenced

anywhere in the court's ruling.[3] If Lindsey felt this issue was raised but not decided, to preserve error, Lindsey was obligated to bring the omission to the PCR court's attention by filing a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) or in some other manner. *Id.* at 539. Lindsey did not do this. As this issue was neither raised nor decided in the lower court, it is not preserved for appellate review, so we decline to address it.

### B. Refusal to Keep the Record Open

Lindsey caused a subpoena to be served on a woman to appear at the PCR hearing to be an alibi witness for Lindsey. The witness failed to appear. Lindsey requested to leave the record open so the witness's testimony could be presented when she was able to be located. The PCR court denied the request. Lindsey claims this refusal to keep the record open was improper. Decisions on requests to reopen the record or to keep the record open are reviewed for an abuse of discretion. *See State v. Long*, 814 N.W.2d 572, 575 (Iowa 2012).

We find it unnecessary to address this issue on the merits. As stated earlier in this opinion, we find Lindsey failed to inform his trial counsel of an alibi defense, including failure to point counsel in the direction of one or more alibi witnesses he now claims to exist or to the location at which Lindsey now claims he was at the time of the crime. The existence of the alibi witnesses Lindsey now claims to exist and the location where he now claims he was at the time of the crime would have

---

[3] Our appellate rules require Lindsey to reference "places in the record where the issue was raised and decided." *See* Iowa R. App. P. 6.903(2)(g)(1). The only place in the record identified in Lindsey's brief as to where error was preserved is his pro se PCR application. Our review of that application reveals no reference to this issue. Our review of the remainder of the record also reveals no place where this issue is raised or decided.

been known to Lindsey before and during trial. Yet Lindsey did not notify his trial counsel of the witnesses or his location to present an alibi defense. That is a strategic decision Lindsey made, and he is stuck with it. Therefore, even if the witness who failed to appear at the PCR trial, when found, would provide Lindsey with a solid alibi, it would not matter to his ineffective-assistance claim. Lindsey already had a trial during which he failed to notify his counsel about this supposed alibi witness who was known to him. After he chose to not present this alibi witness at trial, he may not rely on an ineffective-assistance claim to generate a new trial. *See Clark v. State*, No. 04-1331, 2006 WL 778664, at *3 (Iowa Ct. App. Mar. 29 2006) ("Trial counsel could not be ineffective for failing to investigate and develop a defense when his client failed to apprise him of vital alibi information."). The failure to present an alibi defense at trial was a result of Lindsey's own actions, not any ineffectiveness of his trial counsel. As the testimony of the witness who failed to appear would not change the outcome of the PCR proceeding, we need not decide whether the PCR court erred by refusing to keep the record open to later take the witness's testimony.

## III. Conclusion

Lindsey has not preserved error on one of his ineffective-assistance-of-counsel claims. His other claims of ineffective assistance of counsel are denied on their merits. Based on our determination that Lindsey never informed his trial counsel of an alibi defense or witnesses, it is unnecessary to decide whether the PCR court erred in refusing to keep the record open for a claimed alibi witness.

**AFFIRMED.**